DE JESÚS, APPELLANT, v. REGISTRAR OF PROPERTY OF SAN JUAN, SECTION I, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Denying Admission to Record of a Dominion Title Proceeding.

No. 300.—Decided December 7, 1916.

DOMINION TITLE PROCEEDING—RECORD OF TITLE—VALUABLE CONSIDERATION—CIVIL STATUS.—When the petitioner in a dominion title proceeding is a widow and it is shown that she acquired the property for a valuable con-

sideration, but there is no showing as to her civil status at the time of the acquisition, her title should not be recorded because such status is a special circumstance which the record must contain and affects the legality of the right of ownership adjudged in the proceeding. Articles 77 and 440 of the Regulations for the execution of the Mortgage Law. The legal results as to acquisitions of properties for valuable considerations must be different according to whether they were acquired by the petitioner while single, married or widowed.

ID.—ID.—POWERS OF REGISTRAR.—The provision of subdivision 5 of article 395 of the Mortgage Law that if the decision of the court that ownership has been established is accepted or affirmed it shall constitute a sufficient title for the record of the ownership, cannot be understood to mean absolutely that the registrar must always admit the same to record, but that he shall do so in case the decision should contain all the details which must appear in the record according to the Mortgage Law and its Regulations.

ID.—ID.—INHERITANCE—CIVIL STATUS—DESCRIPTION OF PROPERTY.—When in a proceeding to establish the ownership of the part of a property acquired by inheritance the court decides to approve the same, it is immaterial whether the petitioner was single, married or widowed at the time of its acquisition; but it cannot be recorded unless the property is described according to article 9 of the Mortgage Law and article 63 of its Regulations.

The facts are stated in the opinion.

*Mr. Manuel Benítez Flores* for the appellant.

The registrar did not appear.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

The District Court of San Juan, Section 1, approved the dominion title of Pía de Jesús to two parcels of land in the following judgment:

"WHEREAS, the aforesaid petitioner, Pía de Jesús, of age, widow, property owner and resident of Río Piedras, appeared before this court by her attorney, Enrique González Darder, and petitioned for the approval of her dominion title to the following properties:

"1. A piece of land in Monacillos ward of the municipality of Río Piedras of 11.15 *cuerdas*, bounded on the north by lands of Blas Améstica and Justino Díaz; on the south by lands of Ambrosio Sánchez and Esteban Muriel; on the east by land of Juan Hernández; and on the west by lands of Claudina Carmona and Catalino Rosario, the property being unencumbered and valued at $300.

"2. A piece of land in the same ward and municipality of 4.35 *cuerdas*, bounded on the north by land of Claudina Carmona; on the south by land of the Southern Cross Company; on the east by land

of Catalino del Rosario; and on the west by land of the Southern Cross Company, the property being unencumbered and valued at $80.

"WHEREAS, the petition having been admitted on its allegation that there is no written and recordable dominion title to the properties described, the former owners and the district attorney having been summoned and due notice having been given by publication, no opposition was made within the time fixed by law and the district attorney raised no objection to the oral evidence which showed that the petitioner acquired 7 *cuerdas* of property No. 1 by inheritance from her father, Pablo de Jesús, more than thirty years ago and 4.15 *cuerdas* by purchase from Eloy de Jesús more than thirty years ago, and that she acquired property No. 2 of 4.35 *cuerdas* by purchase from Nicolás Hernández twenty-five years ago, the said possession having been peaceful, public and without interruption as owner in good faith and with just title.

"THEREFORE, it is adjudged that Pía de Jesús is the owner of the two properties described in this judgment, of which let a certified copy be issued for record in the Registry of Property of San Juan."

The said copy having been presented in the Registry of Property of San Juan, Section 1, the registrar refused to record it in the following decision:

"The foregoing document is not admitted to record as to the first property because, although the petitioner is a widow and it appears that she acquired part of the said property by inheritance and part by purchase, her civil status at the time of the acquisition is not stated, as is absolutely necessary; for in case of her being then married the part acquired by purchase would belong to the conjugal partnership, and as to the part inherited, in order for the averment of the petitioner to have legal validity it would be necessary that it be consented to by her husband or his successors. As regards the second property, it is not recorded because, although it was acquired by the petitioner by purchase, her civil status at the time of its acquisition is not stated, and this is absolutely necessary because if she were married at that time the property would belong to the conjugal partnership, according to the decision of the Supreme Court of March 24, 1911. A cautionary notice is entered, etc., with the curable defect that the decision is not conclusive."

Pía de Jesús appealed from this decision, but filed no brief showing why it should be reversed.

We find that the decision is sustained by law.

It appears from the transcribed decision of the District Court of San Juan, Section 1, that Pía de Jesús alleged in her petition in the dominion title proceeding that she was a widow, and it was clearly her intention to show before that court that she was the owner of the two properties referred to in order to have her title recorded in the registry; but that decision does not state whether the petitioner was single, married, or a widow when she acquired the said properties, and this fact of her civil status must appear in the record, for this is a special detail of the case which undoubtedly affects the validity of the right of ownership adjudged by the decision. Articles 77 and 440 of the Mortgage Law Regulations. As regards the alleged acquisitions of property by purchase, the legal consequences must be different according to whether it was acquired by Pía de Jesús while single, married, or a widow. In the first and last cases she would acquire the property exclusively for herself, and in the second case, for the conjugal partnership, unless she purchased it with her own private money.

Although the decision of this court in the case of *Ramos* v. *Registrar of Property,* 18 P. R. R. 16, was based on a refusal to record a possessory title, it supports the foregoing doctrine.

The decisions in the cases of *Ramos* v. *Registrar of Property,* 16 P. R. R. 57, and *Vega* v. *Registrar of San Germán,* 23 P. R. R. 742, do not favor the appellant; for in these cases the question involved was the recording of the ownership of property in the name of a married person without showing that it was his private property, while in this case it is sought to record an ownership title in the name of a widow as her own exclusive property which might prejudice the rights of the heirs of her deceased husband.

It is true that article 395 of the Mortgage Law, subdivision 5, provides that if the decision adjudging the ownership is accepted or affirmed, it shall constitute a sufficient.

title for the record of the ownership; but that provision cannot be understood to mean absolutely that the registrar must always admit the same to record. It means that he shall do so if the decision should contain all the details which must appear in the record according to the Mortgage Law and its Regulations, and in this case it does not, as we have said before.

As regards the part of one of the properties acquired by inheritance from her father, as the court found this to have been proved, there is no doubt that that part should be held to belong to Pía de Jesús, it being immaterial whether she were single, married, or a widow when she acquired it; but the ownership of the same cannot be recorded in her name because it is not described, and this omission prevents compliance with article 9 of the Mortgage Law and article 63 of its Regulations.

The decision appealed from is

*Affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.